```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
|  | : |
| v. | :   Criminal Case No. DKC 20-167 |
|  | : |
| DARNELL GERARD GAITHER, JR. | : |
|  | : |

**MEMORANDUM and ORDER**

Defendant Darnell Gerard Gaither, Jr. ("Mr. Gaither") filed a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines ("Amendment 821"). (ECF No. 204). For the reasons that follow, the motion will be denied.

Mr. Gaither pleaded guilty to Hobbs Act robbery (Count One) and Use, Carry, and Brandish a Firearm during and in relation to a crime of violence (Count Two). He was sentenced December 6, 2021, to 168 months in prison consisting of 84 months as to Count One and a consecutive 84 month sentence on Count Two. He did not note an appeal.

The Clerk received a motion from Mr. Gaither on February 15, 2024, requesting a reduction of his sentence under Amendment 821. (ECF No. 41). The Clerk sent Mr. Gaither a letter on February 16, 2024, advising that the Federal Public Defender was appointed to make a preliminary review of his motion and, if it was determined that he qualified, that office would file a motion with the court

on his behalf. (ECF No. 42). Assistant Federal Defender Sapna Mirchandani filed a notice on January 17, 2025, advising that the Office of the Federal Public Defender would not be filing a supplement to Mr. Gaither's motion. (ECF No. 43).

"Ordinarily, a federal court may not 'modify a term of imprisonment once it has been imposed.' This 'rule of finality,' however, 'is subject to a few narrow exceptions.'" *United States v. Gary*, No. 08-cr-0086-JKB, 2024 WL 1641007, at *1 (D.Md. Apr. 16, 2024) (first quoting 18 U.S.C. § 3582(c); and then quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). For instance, 18 U.S.C. § 3582(c)(2) provides that a court may "lower the sentence of a defendant who was 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' if the . . . reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and the Sentencing Guidelines." *Id.* (quoting 18 U.S.C. § 3582(c)(2)). In addition, under 18 U.S.C. § 3582(c)(2), "a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable." *Id.* (citing *United States v. Riley*, No. 13-cr-0608-ELH, 2022 WL 9361679, at *5 (D.Md. Oct. 14, 2022)). Part A of Amendment 821 ("Part A") retroactively alters the application of the Sentencing

Guidelines of certain offenders who (1) earned criminal history "status points" based on the commission of an offense while serving a criminal justice sentence, or (2) is assessed zero criminal history points at the time of sentencing. Specifically, Part A decreased status points by one point for a defendant with seven or more criminal history points and eliminated status points altogether for a defendant with six or fewer criminal history points.

At sentencing, Mr. Gaither's criminal history scored four (4) points. Two more points were added because he was under a criminal sentence at the time of the offense. With a total criminal history score of six (6), Mr. Gaither was found to be in a criminal history category of III.

Part A, as applied here, results in the addition of no points for being on probation at the time of the offense in lieu of the two points assessed originally. Calculating together the original criminal history score of four (4) with the addition of zero points pursuant to Part A, yields a total criminal history score of four (4). Four (4) criminal history points still corresponds to a criminal history category of III. *See* U.S.S.G. Ch. 5, pt. A. Because Mr. Gaither remains in a criminal history category of III even after the application of Part A, he does not qualify for a

sentence reduction. Therefore, Mr. Gaither's motion for a reduction in sentence will be denied.

Accordingly, it is this 24th day of January, 2025, by the United States District Court for the District of Maryland hereby ORDERED that:

1. The motion for a reduction in sentence under Amendment 821 filed by Darnell Gerard Gaither, Jr. (ECF No. 41) BE, and the same hereby IS, DENIED; and

2. The Clerk will mail a copy of this Order to Mr. Gaither and transmit a copy to counsel of record.

                                              /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge